[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10113
Non-Argument Calendar

_____

D.C. Docket No. 8:15-cv-02954-JSM-AAS

THE BANK OF NEW YORK MELLON AS TRUSTEE FOR NATIONSTAR
HOME EQUITY TRUST 2007-A,

Plaintiff-Appellee,

versus

JANICE L. PEDERSEN,
STEPHEN J. PEDERSEN,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 25, 2017)

Before TJOFLAT, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Janice and Stephen Pedersen appeal *pro se* the district court's grant of summary judgment of foreclosure and reestablishment of a lost instrument to Bank of New York Mellon ("BONYM"). On appeal, the Pedersens argue that the district court erred in granting summary judgment because BONYM was not entitled to enforce the instrument without the original note and because *res judicata* and the applicable statute of limitations barred suit.

We review *de novo* a district court's grant of summary judgment. *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1303 (11th Cir. 2016). A grant of summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Quigg v. Thomas Cty. Sch. Dist.*, 814 F.3d 1227, 1235 (11th Cir. 2016). We view the evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in favor of the nonmoving party, and may not weigh conflicting evidence or make credibility determinations. *Furcron*, 843 F.3d at 1304. *Pro se* pleadings are held to a less stringent standard than pleadings drafted by an attorney and are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

Under Florida law, a lost instrument can be enforced if the person seeking to enforce the instrument was entitled to enforce the instrument when the loss occurred or acquired ownership of the instrument from someone entitled to enforce it when the loss occurred, the loss was not the result of a transfer or seizure, and the instrument cannot reasonably be obtained. Fla. Stat. § 673.3091(1). The person seeking to enforce the instrument must prove the terms of the instrument and the right to enforce it, and then it is as if the person has produced the instrument. *Id.* § 673.3091(2).

Whether *res judicata* bars a claim is a question of law that we review *de novo*. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). When determining whether to give a state-court judgment preclusive effect, we apply the *res judicata* law of the state whose decision could bar further litigation. *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006). In mortgage cases, the Florida Supreme Court previously held that when a mortgage contains a reinstatement provision, the involuntary dismissal of a foreclosure action—either with or without prejudice—acts as a revocation of the acceleration of the mortgage and reinstates the borrower's right to make payments on the note and the lender's right to seek acceleration and foreclosure on subsequent defaults. *Bartram v. U.S. Bank Nat. Ass'n*, 211 So. 3d 1009, 1012 (Fla. 2016). The parties are effectively returned to their pre-foreclosure complaint status such that the mortgage remains

3

an installment loan, allowing the borrower to make installment payments and resulting in default when they do not. *Id.* Each new default presents a separate cause of action, and, thus, the denial of an action for acceleration and foreclosure does not trigger *res judicata* and bar foreclosure actions based on separate and distinct defaults. *Id.* at 1017–18.

In diversity actions, we apply the state statutes of limitations. *Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga.*, 720 F.2d 1230, 1232 (11th Cir. 1983). Florida's statute of limitations for mortgages states that an action to foreclose on a mortgage must be commenced within five years of the date on which the cause of action accrues. Fla. Stat. § 95.11(2)(b)–(c), § 95.031(1). The statute of repose for mortgages in Florida provides that a mortgage shall terminate five years after the date of maturity if the date of maturity is ascertainable from the record of the mortgage. Fla. Stat. § 95.281. Florida courts have recognized that the statutes of limitations and repose can begin to run on the date that an acceleration clause is invoked. *Smith v. F.D.I.C.*, 61 F.3d 1552, 1561 (11th Cir. 1995).

In an action based on diversity jurisdiction, state law determines when the action commenced for statute of limitations purposes. *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 753 (1980). The Florida Supreme Court has held that when dismissal of a foreclosure claim revokes acceleration, the statute of limitations on the mortgage ceases to run and the borrower's right to make payments on the note

4

and the lender's right to seek acceleration and foreclosure on subsequent defaults are reinstated. *Bartram*, 211 So. 3d at 1012. As in the Florida *res judicata* analysis for mortgages, the parties are returned to their pre-foreclosure complaint status such that the mortgage remains an installment loan, and each new default creates the right, but not the obligation, to accelerate the debt—which would start the statute of limitations. *Id.* at 1019–20.

BONYM was entitled to enforce the mortgage against the Pedersens even without the original note because they made the necessary showings regarding the information in the original note and their right to enforce the note. *See* Fla. Stat. § 673.3091. *Res judicata* did not bar BONYM's suit because the dismissal of an earlier suit filed by a predecessor in interest revoked any acceleration of the debt, which reverted the mortgage to an installment loan and created new defaults. *See Bartram*, 211 So. 3d at 1012. Suits over new defaults are not barred by *res judicata*, and, thus, the Pedersens' failure to make payments after acceleration was revoked allowed BONYM to sue under new causes of action that were not barred. *See id.* at 1017–18. Similarly, the statutes of limitations and repose did not bar suit because the revocation of acceleration by the previous dismissal halted the statute of limitations until there was another acceleration or the loan reached maturity. *See* Fla. Stat. § 95.11(2)(b)–(c), § 95.031(1), § 95.281; *Smith*, 61 F.3d at 1561;

5

*Bartram*, 211 So. 3d at 1012, 1019-20.  Accordingly, we affirm the district court's grant of summary judgment.

**AFFIRMED.**